# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DOT HILL SYSTEMS CORPORATION SECURITIES LITIGATION, | Case No. 06-CV-228 W (WMc)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiffs commenced this securities class action against Defendants Dot Hill Systems Corporation ("Dot Hill" or the "Company") and four of its officers and directors alleging fraud under Sections 10(b) and 20(a) of the Securities Exchange Act. Plaintiffs filed the operative First Amended Consolidated Complaint (Complaint) on August 25, 2006. Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). The court decides the motion on the papers submitted and without oral argument. S.D. Cal. Civ. L.R. 7.1(d)(1). Because Plaintiffs have failed to comply with the pleading standards of the Private Securities Litigation Reform Act of 1995 (PSLRA), the Court will **GRANT** the motion to dismiss the Complaint, with **LEAVE TO AMEND.**

## I. Background

Plaintiffs represent a class of shareholders who purchased shares of Dot Hill between April 23, 2003, and April 27, 2006. Dot Hill provides data storage devices (essentially, hard disk drives) to clients. Sun Microsystems (Sun) was Dot Hill's largest customer, accounting for roughly 85% of their revenue. (Compl. at 3:6–7) In February of 2004, Dot Hill acquired Chaparral Network Storage, Inc. (Chaparral), to cut costs and thereby improve profit margins. The Complaint asserts that, during the class period, Dot Hill and four of its officers and directors made materially false and misleading statements about various aspects of Dot Hill's business. Plaintiff alleges that these misrepresentations artificially increased Dot Hill's stock price from $3 per share to more than $18. Dot Hill then sold $155 million in securities—including approximately $23 million that Defendants owned personally—in a September 2003 stock offering. After Dot Hill fully disclosed all material facts, the stock tumbled to $4.50 per share.

In support of their theory, Plaintiffs cite the "firsthand accounts" of 23 former Dot Hill employees (confidential witnesses or "CWs"). The statements bolster five general allegations:

(1) Dot Hill was aware—but purposefully concealed—that Sun was growing dissatisfied with Dot Hill products.

(2) Because of known internal problems within the company, Dot Hill was having little success attracting new customers.

(3) The integration of Chaparral controllers into Dot Hill products was, contrary to Defendants statements, not proceeding successfully.

(4) Dot Hill's "lean" business model was not efficient. Rather, it was the known cause for the inadequate internal operations that were causing "fleeting and illusory" profits. (Pls.' Mem. in Opp. at 2:2–5.)

(5) The accounting errors that Dot Hill revealed in February 2005 resulted from known inadequate accounting practices that Defendants refused to correct.

## II. Legal Standards

Under Federal Rule 12(b)(6), the court may dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the claim's sufficiency. See N. Star Int'l. v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a motion to dismiss, the court assumes the truth of all factual allegations and construes them in the light most favorable to the plaintiff. Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). The court may dismiss if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).

A complaint alleging fraud must meet the particularity requirements of Federal Rule of Civil Procedure 9(b). A plaintiff must specifically identify the allegedly fraudulent statements or acts of fraud. Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). This requires the plaintiff to plead evidentiary facts including the dates, times, places, and persons associated with each misrepresentation or act of fraud. In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548–49 n.7 (9th Cir. 1994) (*en banc*) (superseded by statute on other grounds); Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).

In a securities case, the complaint must also conform to the PSLRA. Ronconi v. Larkin, 253 F.3d 423, 429 (9th Cir. 2001). The PSLRA "altered the pre-Act pleading requirements in private securities fraud litigation by requiring that a complaint plead with particularity both falsity and scienter." Id. Accordingly, plaintiffs "must state specific facts indicating no less than a degree of recklessness that strongly suggests actual intent." In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 979 (9th Cir. 1999). The Court must dismiss under 12(b)(6) if the allegations are not sufficiently particular or where, taken as a whole, they do not raise a "strong inference" of knowing and deliberate recklessness. Ronconi, 253 F.3d at 429.

### III. Discussion

### A. The complaint lacks the required particularity to establish falsity.

According to the PSLRA, a complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1) (2000). But the Complaint repeatedly fails to link the allegedly false statement with the supporting reasons. Further, Plaintiffs fail to distinguish between *reasons* supporting actual falsity and particular *facts* supporting an allegation based on information or a belief, or even what that belief might be. This is true, in large part, because the Complaint's lack of organization drowns these distinctions in an ocean of redundancy, cross-reference, and irrelevant factual overkill.

For example, paragraph 46 of the Complaint, states:

> 46. Throughout the Class Period, Defendants maintained that their relationship with Sun was excellent and only continued to improve, and that the integration of Chaparral RAID technology was likewise proceeding excellently and producing enthusiastic customer response (as detailed in ¶¶ 93–175 below). Such statements were materially false and misleading because they omitted the following material adverse facts:
>
> (a) Dot Hill was having significant trouble integrating Chaparral RAID technology into Dot Hill storage devices - thus frustrating its own sales staff (which didn't have a product to sell) and purported customers (who weren't offered a product to buy), which
>
> (b) Consequently was preventing achievement of the Chaparral acquisition's other goals: freeing Dot Hill of the problematic relationship with Infortrend, the problematic costs imposed by Infortrend, and the problematic technology provided by Infortrend; improving revenues, and improving margins; and which
>
> (c) Was leading to further problems in Dot Hill's relationship with Sun, who, was dissatisfied with Infortrend and unwilling to wait for Dot Hill to solve its technology problems, ultimately de-committed to Dot Hill's new technology and selected a new provider for its entry-level data storage devices.

(Compl. ¶ 46). In a single paragraph, Plaintiffs allege two separate misleading statements: (1) about the reality of the relationship with Sun, and (2) about the difficulties with integrating Chaparral technology. To find these statements, the reader is then directed to paragraphs 93 through 175. Paragraphs 93 through 175, should the reader follow the cross-reference, consist of various press releases and transcripts from conference calls and covers nearly *47 pages* of the Complaint. Some of the press statements are given in their entirety and many appear to be *randomly* bolded. (Compl. ¶ ¶ 15, 106, 116, 124, 127, 130, 133, 136, 150, 155, 160, 165.)

Next, Plaintiffs offer the three reasons for falsity, or allegations formed on information or belief—they never explain which—in subsections (a) through (c). These sections also introduce a *third* topic, problems with Infortrend, bearing no apparent relationship to the first two topics. Finally, the reader is provided ten confidential witness statements in support of the allegations in paragraph 46. (Compl. ¶ 47.) Not surprisingly, the statements do not include an explanation about why they prove falsity or justify any belief therein.

To make any sense of paragraph 46, the reader must wade back and forth between unconnected allegations and pages of randomly bolded material, searching for supporting evidence relevant to three separate aspects of wrongdoing. And paragraph 46 is by no means the only paragraph in the Complaint that makes that demand. This disorganized, unclear, and confusing manner of pleading fails to meet the heightened standard under the PSLRA. See Silicon Graphics, 183 F.3d at 979. Each section of the complaint must focus on one allegation, detail who made the statement, why that statement was false or misleading, and state with particularity all the facts justifying any belief in falsity. See GlenFed, 42 F.3d at 1548; 15 U.S.C. § 78u-4(b)(1). The Complaint fails that simple standard and must be dismissed. Ronconi, 253 F.3d at 429.

The Court has also examined the paragraphs alleging scienter. (Compl. ¶¶ 176–186.) Plaintiffs are advised to take note of the requirements for pleading scienter with particularity, clarity, and simplicity. See Silicon Graphics, 183 F.3d at 975.

**B.     Meeting a heightened pleading standard does not require a lengthy complaint.**

The original complaints in <u>Brody v. Dot Hill</u> (No. 06-228), the lead case, and three member cases (<u>Naryznai v. Dot Hill</u> (No. 06-281), <u>Jardin v. Dot Hill</u> (No. 06-341), and <u>Steinberg v. Dot Hill</u> (No. 06-662)) total **113 pages**. Now, the First Amended Consolidated Complaint is **112 pages**. While the Court acknowledges the original complaints had some differences, it seems Plaintiffs chose to collate, rather than to consolidate, their complaints.

The Court acknowledges Plaintiffs' concern about showing sufficient details to meet the PSLRA's heightened pleading standards. However, a heightened pleading standard does not automatically translate to a lengthy complaint. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996) (noting in another context requiring heightened pleading that "[a] heightened pleading standard is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity.") Redundancy does not help to establish the "strong inference" necessary to survive a motion to dismiss—only relevant factual allegations, probative of each element under Section 10(b), and supported with details where necessary, will suffice.

**C.     The Complaint is deficient but Plaintiffs are granted leave to amend.**

Defendants have argued that "it is doubtful any viable amendment" to the Complaint is possible. (Defs.' Br. at 2:26–28.) In support of their contention, they cite the size of the Complaint, the number of confidential witnesses relied upon, and the length of time that has passed since the initial Complaint was filed. (<u>Id</u>.) They request the Court dismiss the Complaint *with prejudice*.

However, the Complaint at issue was the Plaintiffs' first attempt at consolidation. While the Complaint currently lacks the organization and particularity to meet the heightened pleading standards of the PSLRA, the Court will not preclude Plaintiffs from attempting to correct these deficiencies.

//

Thus, Plaintiffs are granted **LEAVE TO AMEND**. The Court would urge Plaintiffs, if they choose to amend, to plead with greater particularity and clarity as explained earlier, while using *substantially* fewer pages in the body of the Complaint.

### III. Conclusion

The court hereby **GRANTS** Defendants' motion to dismiss and **DISMISSES** Plaintiffs' complaint **WITH LEAVE TO AMEND**. Plaintiffs shall have until no later than April 20, 2007 to file and serve a second consolidated amended complaint.

**IT IS SO ORDERED.**

DATED: March 15, 2007

_____
Hon. Thomas J. Whelan
United States District Judge